# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6848 | **DATE** | 5/13/2013 |
| **CASE TITLE** | Mercy Green vs. Wells Fargo, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Defendants' motion to dismiss Plaintiff's amended complaint [16] and dismisses this case with prejudice.

■[ For further details see text below.]  Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

After a state court entered a foreclosure judgment against Plaintiff Mercy Green, she filed this lawsuit against the servicer of her mortgage loan, Wells Fargo Bank, N.A. ("Wells Fargo"), and the trustee for the trust containing her mortgage loan, U.S. Bank, N.A. as Trustee for SASCO 2007-BC3 ("U.S. Bank") (collectively "Defendants"). Plaintiff asserts that Defendants engaged in misconduct in connection with the foreclosure. She seeks to reverse the foreclosure judgment and recover damages relating to the loss of the foreclosed property. Defendants have moved to dismiss Plaintiff's lawsuit, and Plaintiff – despite being given an initial two months to respond as well as a 30-day extension of time to respond – has failed to respond to Defendants' motion to dismiss.

**I.    Background**

In 2006, Plaintiff took out a loan secured by a mortgage on her property. Plaintiff's loan was assigned and securitized into a trust. Plaintiff defaulted on her mortgage loan in 2007, and U.S. Bank filed suit in state court to foreclose the mortgage securing that loan. Specifically, the state court entered an order approving sale of the property, granting possession to U.S. Bank (and its insurers, investors, agents, and assigns), and directing distribution of the sale proceeds. Plaintiff appeared in the foreclosure action and filed multiple motions seeking to avoid judgment. But eventually, in 2011, the state court entered final judgment against Plaintiff.

In 2012, nearly five years after U.S. Bank filed the state-court foreclosure suit against Plaintiff, nearly four years after Plaintiff first appeared in the foreclosure action, and over a year after the state court entered final judgment against her, Plaintiff filed this federal lawsuit. Plaintiff asserts that, in connection with the foreclosure of the property, Defendants conspired to violate and violated Plaintiff's Fifth and Fourteenth Amendment rights and therefore are liable under 42 U.S.C. §§ 1983, 1985, and 1986 (Counts I-III), violated the Fair Debt Collection Practices Act ("FDCPA") (Count IV), 15 U.S.C. § 1692 et seq., and violated several U.N. declarations (Count

**STATEMENT**

V). To support her claims, Plaintiff asserts that, in violation of the trust agreement relating to her mortgage loan ("Trust Agreement"), U.S. Bank failed to attach an endorsed copy of the loan note to the foreclosure complaint. Plaintiff further asserts that Wells Fargo violated the Trust Agreement by recording an assignment of Plaintiff's mortgage loan after the closing date for the Trust Agreement.

The Trust Agreement contains numerous provisions relating to the form of documents deposited with the trustee. But the Trust Agreement does not contain any provisions specifying the form of documents attached to foreclosure complaints. Of course, the Trust Agreement does impose requirements regarding assignments of mortgages. But the Trust Agreement does not state that all mortgage loans must be assigned and assignments recorded before the closing date for the Trust Agreement. On the contrary, the Trust Agreement specifically contemplates that loans will be assigned and securitized into the trust after the closing date. See Trust Agreement at 46 ("The [loan] schedule * * * may be amended from time to time to reflect the addition of Mortgage Loans to * * * the Trust Fund.").

## II. Analysis

Pursuant to the *Rooker-Feldman* doctrine, which takes its name from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983), lower federal courts such as this one do not have the authority to hear cases "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir. 2000); see also *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (finding that *Rooker-Feldman* barred the plaintiff from attacking state-court foreclosure judgment or seeking damages from the foreclosure of the property); *Aguilera v. Freedman, Anselmo, Lindberg & Rappe, LLC*, 2011 WL 2292302, at *5 (N.D. Ill. June 8, 2011) (finding that *Rooker-Feldman* barred the plaintiff from bringing federal claims attacking state-court judgment).

Here, the state court determined that (a) Plaintiff had defaulted on a loan secured by a mortgage on her property and U.S. Bank was entitled to enforce that mortgage; (b) U.S. Bank had complied with the many Illinois laws governing foreclosure proceedings, including the requirements for filing a proper foreclosure complaint; (c) U.S. Bank was entitled to judgment of foreclosure; and (d) U.S. Bank was entitled to possession of the property. Now, Plaintiff has filed this federal suit asserting that (a) U.S. Bank did not have an enforceable interest in the property securing Plaintiff's loan, because, to facilitate the foreclosure, Wells Fargo recorded an improper assignment of Plaintiff's loan; (b) the foreclosure complaint itself was deficient; (c) U.S. Bank was not entitled to judgment of foreclosure; and (d) U.S. Bank was not entitled to possession of the property. See Pl.'s Am. Compl., ¶¶ 22, 33-38, 50. In short, Plaintiff asserts that Defendants obtained an improper foreclosure judgment against her. **[FN 1]**

> **[FN 1]** Although as the servicer of Plaintiff's mortgage loan Wells Fargo was not actually a party to the state-court foreclosure action, the Seventh Circuit has made clear that this does not matter for *Rooker-Feldman* purposes. See *Newman v. State of Ind.*, 129 F.3d 937, 942 (7th Cir. 1997) (finding that *Rooker-Feldman* barred the plaintiff's claims and stating that the fact that "most of the * * * defendants in the present suit were not parties to the previous suits is irrelevant"). Rather, the "*Rooker-Feldman* doctrine * * * cannot be gotten around by changing the *dramatis personae*." *Id.*

**STATEMENT**

Plaintiff seeks a declaratory judgment reversing the allegedly wrongful foreclosure. That is another way of saying that Plaintiff requests that this Court reject the state court's judgment. Plaintiff also maintains that she "has been damaged in the amount of the judgment that Defendants obtained in the foreclosure against Plaintiff * * *." *Id.* ¶ 72. And Plaintiff seeks compensatory and punitive damages. Stated succinctly, after the state court rendered judgment against Plaintiff, she filed this federal suit raising claims inextricably intertwined with that judgment and inviting review and rejection of that judgment. Thus, *Rooker-Feldman* bars Plaintiff's claims. See *Taylor*, 374 F.3d at 532 (finding that *Rooker-Feldman* barred the plaintiff from bringing federal claims seeking damages caused by state-court foreclosure judgments); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill. 2005) (finding that *Rooker-Feldman* barred the plaintiff's claims asserting "that the foreclosure was improper for a laundry list of reasons, including [the defendant's] alleged violations of the FDCPA [and other statutes]"); *Thompson v. Ameriquest Mortgage Co.*, 2003 WL 22012207, at *3 (N.D. Ill. Aug. 21, 2003) (finding that *Rooker-Feldman* barred the plaintiff's attempt "to get relief in federal court from a State Circuit Court [foreclosure] judgment"). As to Plaintiff's demand for monetary relief, the Seventh Circuit has explained that "the fact that [the plaintiff] is claiming compensatory damages in the amount of the value of her home (plus interest) demonstrates that her asserted injury is the loss of her home due to the Defendants' conspiracy to deprive her of her home, not an independent injury arising from acts of the Defendants." See *Taylor*, 374 F.3d at 534.

**III. Conclusion**

Plaintiff defaulted on a mortgage loan, and this resulted in the foreclosure of the property securing that loan. While Plaintiff's frustration with that result is understandable, that frustration does not entitle Plaintiff relief in federal court. The Court grants Defendants' motion to dismiss [16] Plaintiff's amended complaint. The dismissal is with prejudice for three reasons. The first is that Plaintiff never filed an opposition brief, despite being given over three months to do so, and therefore did not request a chance to replead. See *James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400–01 (7th Cir. 2006) (rejecting the plaintiff's argument that the district court erred in dismissing its complaint with prejudice, rather than without prejudice and with leave to amend, where the plaintiff did not request leave to amend). The second is that Plaintiff already has been given leave to replead once. And finally, any such request to amend almost certainly would have been denied because Plaintiff's grievances are inextricably intertwined with the state court's decisions. See *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) ("Even though Rule 15(a) provides that 'leave shall be freely given when justice so requires,' a district court may deny leave to amend for * * * futility. The opportunity to amend a complaint is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citation and some internal quotation marks omitted).